United States District Court
Southern District of Texas
ENTERED

APR 1 1 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

2١

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JADE SCOTT CONNORS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | MISC. NO. B-99-007 |
| GARY JOHNSON, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
| Respondents. | § | |

## MAGISTRATE'S REPORT AND RECOMMENDATION

## BACKGROUND

Before the Court is Jade Scott Connors' timely § 2254 Petition for Writ of Habeas Corpus by a Person in State Custody.[1]  On October 29, 1992, a jury found Connors guilty of murder through the use of a deadly weapon.[2]  The relevant facts of this crime were best summarized as follows:

In March of 1992, Connors and five friends came down from San Antonio to the Holiday Inn on South Padre Island. On the last day of their vacation, Connors and his friends met Joseph Zajac, who provoked a fight. Security guards interrupted this fight, escorted Zajac from the area, and asked him to leave the hotel premises. Zajac was not a registered guest of the hotel. Ten to fifteen minutes later, the group from San Antonio decided to leave but could not immediately find Connors. When they did find Connors, he explained that he had just fought with Zajac in the hotel parking lot and that Zajac was hurt. As the group from San Antonio approached the area where Connors and Zajac had fought from the second time, they were sent away by a security guard who asked them to leave.  On their way back to San Antonio, the group stopped at a gas station where Connors met three Missouri students who had also come to South Padre Island from Spring Break. Connors told the Missouri students that he had killed someone while protecting his friends. The three students contacted the police after noting the license plate numbers of the cars that Connors and his friends were driving.  Zajac died as a

---

[1]   *See* Pleading No. 1 (*containing* Connors' Petition for Writ of Habeas Corpus by Person in State Custody and Connors' Brief in Support of Writ of Habeas Corpus by Person in State Custody).

[2]   *The State of Texas v. Jade Scott Connors, A/K/A Jade Connorz A/K/A Jack Connors. Ex parte Connors,* Application No. 33,704-O1(A) at 235.

result of injuries suffered during his second altercation with Connors, and Connors was subsequently arrested for murder.[3]

On August 24, 1995, Connors' conviction was affirmed.[4] He then filed an application for a state writ of habeas corpus with the Texas Court of Criminal Appeals that, among other things, challenged the denial of his opportunity to file a petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals.[5] On December 10, 1997, the Texas Court of Criminal Appeals granted Connors the opportunity to file an out-of-time PDR.[6]  On February 3, 1998, Connors filed a pro se PDR.[7]  On February 25, 1998, the Texas Court of Criminal Appeals refused Connor's PDR.[8]  Finally, on April 13, 1998, Connors filed his second application for a state writ of habeas corpus.[9]  That application was dismissed as a successive petition on June 10, 1998.[10]

Connors filed his instant Petition on January 7, 1999.[11] His current claims were best summarized by Respondents as follows:

1.    He was denied equal protection of law, and/or due process because he was limited to thirty minutes of voir dire;

2.    The affirmative finding of the use of a deadly weapon was wrongfully entered against him because the indictment did not allege the use of one;

---

[3]    *Connors v. State*, No. 13-93-044-CR at 2; *See Ex parte Connors*, Application No. 33,704-01(B) at 2 (*containing* the relevant portion of the slip opinion).

[4]    *Connors v. State*, No. 13-9 -044-CR. *See Ex parte Connors*, Application No. 33,704-01(B) at 1.

[5]    *Ex parte Connors*, Application No. 33,704-01(A) at 1-132.

[6]    *Exparte Jade Scott Connors*, No. 72,952; *See also* Pleading No. 19, Exhibit A (*containing* a copy of the slip opinion).

[7]    *Connors v. State*, P.D.R. No. 173-98. *See also* Pleading No. 19, Exhibit B (*containing* copy of Connors' petition for discretionary review).

[8]    *Connors v. State*, P.D.R. No. 17398 (Tex. Crim. App. 1998); *See* also Pleading No. 19, Exhibit C (*containing* affidavit from Clerk of the Court of Criminal Appeals).

[9]    *Exparte Connors*, Application No. 33,704-02.

[10]    *Id.* at cover.

[11]    *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (*noting* that a prisoner's petition is deemed filed the day he hands it over to prison authorities for mailing, presumably the date the petition is signed).

CUSPDF - www.texlaw.com

3.      The prosecutor's opening statement wrongfully failed to allege that he had hit the victim with a board;

4.      The prosecutor wrongfully elicited improper hearsay testimony from his witnesses concerning an alleged confession, and that testimony seriously impinged an important part of his defense;

5.      The state wrongfully introduced his exculpatory statements of self-defense because it later failed to disprove them, moreover, the trial court then failed to charge the jury on the defensive theory;

6.      The jury was wrongfully allowed to see him in custody;

7.      The trial court having sustained defense counsel's objection, then wrongfully refused to instruct the jury to disregard the prosecutor's objectionable remarks;

8.      Evidence of gang affiliation was wrongfully entered against him;

9.      The rule was invoked by the trial court and then wrongfully violated; and the court excluded him from an in-camera hearing and failed to allow the Court reporter to record the in-camera hearing;

10.     The prosecutor was wrongfully allowed to introduce inflammatory photographs, which had no probative value;

11.     The trial court's charge to the jury wrongfully required him to retreat from his assailant, when the statute in effect did not;

12.     There was no evidence introduced that showed he was not acting in self-defense;

13.     The evidence introduced at trial raised the issue of sudden passion and of the lesser included offense of aggravated assault, but the trial court's charge failed to include the lesser included offenses of voluntary manslaughter or of aggravated assault;

14.     The trial court wrongfully allowed the jury to discharge after they had commenced deliberation, without first allowing him the opportunity to sequester them, without the trial court having admonished them, therefore, he was denied access to the court;

15.     There was a fatal variance between the indictment and the proof introduced at trial, because there was insufficient or no evidence introduced to sustain the conviction;

16.     The prosecutor made improper arguments to the jury;

17.     He was denied his right of allocution;

3

18.    He received ineffective assistance of counsel during the guilt-innocence stage of trial, in that counsel failed to:

    a.    Object to the thirty minute time limit the trial court placed on voir dire;

    b.    Move to quash the indictment for not alleging that the weapon used was deadly;

    c.    Object to prosecutor's opening statement because he failed to allege that the victim had been hit by a board, and then failed to object when the prosecutor introduced evidence that Connors had hit the victim with the board;

    d.    Object when the prosecutor elicited improper hearsay testimony from the state's witnesses concerning his alleged oral confession;

    e.    Object to the lack of a jury charge concerning the defense of a third person;

    f.    Object when the jury was allowed to see him in custody;

    g.    Object when trial court sustained his objection, but refused to give the jury an instruction to disregard the prosecutor's objectionable remarks;

    h.    Object to improper testimony from the state's witnesses concerning alleged association with a gang;

    i.    Thoroughly investigate and present evidence that the witness rule had been violated;

    j.    Object when he and his counsel were excluded from the in camera hearing and the failure to have a court reporter transcribe the hearing;

    k.    Object to trial court's jury charge which required him to retreat from a confrontation when the statute did not require so;

    l.    Move for a directed verdict of not guilty when there was no evidence that petitioner was not acting in self-defense, and because there was no evidence or insufficient evidence to sustain a conviction;

    m.    Move the trial court to include in the jury charge the lesser included offenses of voluntary manslaughter and/or aggravated assault;

    n.    Object to the jurors' weekend discharge after commencement of deliberation and without an admonishment by the trial court; and

    o.    Move the court to include instructions to the jury concerning the relative size and strength of the victim, and that intoxication makes any blow to the head more likely to be fatal.

19.    He received ineffective assistance of counsel during the punishment state of trial, in that counsel failed to:

    a.    Object when the prosecutor made various improper arguments to the jury;

    b.    Object when he was denied his right of allocution;

    c.    Object to trial court allowing the jury to make an affirmative finding on the use of a deadly weapon when it was not included in the indictment;

    d.    Move the court to include an instruction concerning the defense of temporary insanity which was induced by voluntary intoxication; and

    e.    Have the jury polled.

CFMPDF - www.fenix.com

20.    He received ineffective assistance of counsel on appeal, in that counsel failed to:

     a.    Inform him of his right to a PDR;

     b.    Move the above listed errors on direct appeal;

     c.    Subpoena to the hearing on a motion for new trial, security guards who were working at the hotel; and

     d.    Subpoena jurors to a hearing on the motion for a new trial.[12]

## LEGAL STANDARDS

With the exception of his fourteenth claim, which is procedurally barred,[13] Connors' claims must be denied because he cannot satisfy the requirements of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[14]  AEDPA has amended 28 U.S.C. § 2254(d) to provide:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court unless the adjudication of the claim—

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[15]

Because Connors' claims 1-13 and 15-20 merely reasserts issues that were already adjudicated in his state court trial, his appeal, his PDR, and his state applications for writ of habeas corpus, he cannot prevail unless he demonstrates (1) that the adjudication of these issues contradicted clearly established federal law, as that law is defined by the United States Supreme Court, or (2) that the adjudication of

---

[12]    *See* Pleading No. 19 (*containing* Respondent Johnson's Motion for Summary Judgment with Brief in Support which reorganizes Connors''s claims for clarity); *See also* Pleading No. 1 at 7-42 (*containing* Connors' federal writ and listing thirty-three grounds for relief).

[13]    *See* Pleading No. 19 at 31-32 (*containing* Respondent's argument as to why Connors' fourteenth claim is procedurally barred—an argument which this Court adopts in full).

[14]    *See* The Antiterrorism and Effective Death Penalty Act of 1996, Pub. Law No. 104-132, 110 Stat. 1214.

[15]    28 U.S.C. § 2254(d)(1)&(2).

these issues resulted in an unreasonable determination of the facts in light of the evidence.[16]  Moreover, in reviewing a state prisoner's federal habeas petition, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence."[17]

Connors has not met the AEDPA burden for any of his claims.  Having meticulously reviewed his pleadings, transcripts, and state court records, this Court concludes that Connors is not entitled to the relief he seeks.  Moreover, because the Respondent's Motion for Summary Judgment analyzes each one of Connors' claims in an exceptionally thorough and precise manner, this Court hereby adopts the conclusions and rationale of that Motion in full.  Accordingly, the arguments and conclusions of the Respondent's Motion for Summary Judgment are hereby incorporated into this Report and Recommendation.  For all of the reasons set forth in that Motion, Connors § 2254 claims must be denied.

## RECOMMENDATION

For the above-stated reasons, it is recommended that Petitioner Connors' § 2254 Motion be denied.  A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir.1996).

DONE in Brownsville, Texas this ___1 1ᵗ___ day of ___April___, 2001.

Felix Recio
United States Magistrate Judge

---

[16]  *See Ex parte Connors,* Application No. 33,704-02 at cover (*dismissing* Connors"s second state writ, containing claims 1-13, and 15-20 as successive pursuant to TEX. CODE CRIM. PROC., art. 11.07, (Vernon's 1996)); *See also* Pleading No. 19, Exhibits B and C (*containing* the Texas Court of Criminal Appeals refusal of Connors' claim numbers 9-11, and 15).

[17]  28 U.S.C. § 2254(e)(1) (1996).